IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph E. Macon, ) | |
| ) | Civil Action No. 8:18-1036-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Anderson County Tax Depositor, Anderson ) | |
| Court, State of South Carolina, SLED, DOJ, ) | |
| Department of the Treasury, Town of ) | |
| Williamston, James Cox, Judge J.E. ) | |
| Nicholson, and Anderson County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Joseph E. Macon ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice. (ECF No. 10). Plaintiff was advised of his right to file objections to the Report. (ECF No. 10 at 12). On May 15, 2018, Plaintiff filed a motion to quash. (ECF No. 12).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need

1

not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As noted above, after the Report was filed, Plaintiff filed a document labeled "motion to quash." (ECF No. 12). However, the motion is difficult to decipher and Plaintiff fails to identify what the motion to quash refers to. Rather, the motion appears to actually be an objection to the Report. Therefore, the court construes Plaintiff's motion as an objection to the Report.

In her Report, the magistrate judge found that Plaintiff failed to state a claim that is plausible on its face, failed to name a proper defendant amenable to suit under § 1983, and that the claims alleged are precluded by res judicata and collateral estoppel.[1]

In his objection, Plaintiff fails to object to any specific portion of the report. Rather, he argues generally and in a conclusory manner that "none [of the cases cited by the magistrate judge] fit this case" and fails to elaborate. (ECF No. 12). The remainder of the objection contains a restatement of Plaintiff's complaint and general statements wholly unrelated to the dispositive portions of the Report. *Id*. Accordingly, Plaintiff's objection is denied. *See Orpiano*, 687 F.2d at 47.

---

[1] The magistrate judge lists the following as Plaintiff's previous cases involving largely the same claims and Defendants as the instant case: *Macon v. Beddingfield, et al.*, No. 8:02-cv-3734-HFF, 2004 WL 3330002 (D.S.C. June 7, 2004), *aff'd*, 431 Fed. App'x 248 (4th Cir. 2011); *Macon v. Richey*, No. 6:04-cv-1310-HFF, 2005 WL 2373910 (D.S.C. Mar. 22, 2005), *aff'd*, 133 Fed. App'x 910 (4th Cir. 2005); *Macon v. Cox, et al*, No. 6:04-1311-HFF, 2005 WL 4572216 (D.S.C. June 13, 2005); *Macon v. South Carolina, et al.*, No. 6:05-cv-3330-HFF (D.S.C. Dec. 2, 2005); *Macon v. United States of America, et al.*, No. 8:05-cv-3105-HFF (D.S.C. Dec. 29, 2005); *Macon v. South Carolina, et al.*, No. 8:08-cv-2832-HFF, 2008 WL 4501876 (D.S.C. Oct. 7, 2008). (ECF No. 10 at 5). Further, Plaintiff's claims for unlawful attest and excessive use of force, which form the basis for the present § 1983 action, were decided on the merits and dismissed. *See Macon v. Beddingfield*, C.A. No. 8:02-3734, 2004 WL 3330002 (D.S.C. June 7, 2004), aff'd, 104 F. App'x 347 (4th Cir. 2004).

The court has thoroughly reviewed the Report of the magistrate judge and the filings in this case. For the reasons set forth above and by the magistrate judge, the court overrules Plaintiff's objection and hereby adopts the Report (ECF No. 10) and incorporates it herein. Accordingly, it is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
July 5, 2018

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.